# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6392 | **DATE** | 8/17/2012 |
| **CASE TITLE** | Change Hamilton-Hayyim vs. Jesse L. Jackson, Jr. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, plaintiff Change Hamilton-Hayyim's "*In Forma Pauperis* Application" [4] is denied. Hamilton-Hayyim is given until 8/31/2012 to pay the full $350 filing fee. Failure to comply with this deadline will result in summary dismissal of this case. Hamilton-Hayyim's motion for appointment of counsel [5] is denied without prejudice.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

    Plaintiff Change Hamilton-Hayyim ("Hamilton-Hayyim") currently serves as the Director of Community Outreach for defendant U.S. Representative Jesse L. Jackson, Jr. ("Congressman Jackson"). On August 13, 2012, Hamilton-Hayyim submitted to this court a complaint alleging that Congressman Jackson and his staff — defendants Theresa Caldwell ("Caldwell"), Richard Bryant ("Bryant"), and Deborah Posey ("Posey") — discriminated against Hamilton-Hayyim on the basis of disability, race, and religion, in violation of the Rehabilitation Act, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. (Dkt. No. 1 ("Compl.") ¶ 9.) Hamilton-Hyyim further alleges that she is bringing claims under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), the Family and Medical Leave Act ("FMLA"), and the Notification and Federal Employee Anti-Discrimination and Retaliation Act ("No-FEAR Act"). (*Id.* ¶¶ 10, 12.) Hamilton-Hayyim generally alleges that Congressman Jackson, Caldwell, Bryant, and Posey failed to reasonably accommodate Hamilton-Hayyim's religion, failed to stop harassment, retaliated against Hamilton-Hayyim for asserting her protected rights, and subjected Hamilton-Hayyim to disparate conditions of employment. (*Id.* ¶ 12.)

    Along with the Complaint, Hamilton-Hayyim has submitted an "*In Forma Pauperis* Application" and accompanying financial affidavit (Dkt. No. 4) and a "Motion for Appointment of Counsel" (Dkt. No. 5).

    Requests to proceed *in forma pauperis* ("IFP") are reviewed under 28 U.S.C. § 1915. To ensure that indigent litigants have meaningful access to the courts, § 1915 allows an indigent litigant to commence an action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1988). However, the court must deny a request to proceed IFP if (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

**STATEMENT**

    Hamilton-Hayyim reports that she makes approximately $2,200 per month as Director of Community Outreach, and that she received an additional $625 in unspecified "salary" during the past twelve months. Her other stated assets include a single-family home valued at $9,500 (with no equity), a 2010 Chevrolet Camaro worth $15,614 (with $3,179 in equity), and a condominium valued at $15,000 (with $15,000 in equity). She reports that she does not have more than $200 in cash, checking accounts, or savings accounts, nor does she own any stocks, bonds, securities, or other financial instruments. Hamilton-Hayyim's expenses include $220 per month in loan payments on her house, $698 per month in loan payments on her car, and $150 per month in assessments on her condominium. Hamilton-Hayyim is also responsible for the support of her sister ($700 per month) and her great-nephew ($385 per month).

    Hamilton-Hayyim has signed her financial affidavit under penalty of perjury. The information publically available from the Cook County Assessor's Office website, www.cookcountyassessor.com, states that Hamilton-Hayyim's home at 7310 S. Kingston Ave., Chicago, had a total assessed value (including both "land" and "building") of $7,968 in 2011, but that the "estimated 2011 market value" was $79,680. The website shows similar results for all condominium units at 1305 E. 71st Place.

    The form financial affidavit submitted by Hamilton-Hayyim asks for the "current value" of her property, but does not specify whether that value should be stated in terms of assessed value or estimated market value. Regardless, as the owner of two homes and a 2010 Chevrolet Camero, the court finds that Hamilton-Hayyim is not indigent and can afford the $350 filing fee in this case. Hamilton-Hayyim's motion for leave to proceed *in forma pauperis* is therefore denied.

*James F. Holderman*